# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ALAN DOERING
ADC #106115                                                    PLAINTIFF

v.                         No. 5:17-cv-125-DPM-JJV

WENDY KELLEY, Director, Arkansas
Department of Correction; RORY GRIFFIN,
Deputy Director, ADC; CORRECT CARE
SOLUTIONS, Health Care Provider; JASON
KELLEY, Health Services Administrator, Varner
Unit, ADC; STUCKEY, Doctor; POWELL,
Infirmary Manager; and HEATHER ALLEN,
Varner Unit, ADC                                               DEFENDANTS

## ORDER

**1.** On *de novo* review, the Court partly adopts and partly declines the recommendation, № 50, and partly sustains Director Kelley's objection, № 51. FED. R. CIV. P. 72(b)(3).

**2.** The Court adopts the unopposed part of the recommendation dealing with Doering's claim about being denied chronic care. № 50 at 5. Doering's chronic-care claim is dismissed without prejudice for failure to exhaust.

**3.** Doering's claims against Kelley for missed medication present a closer call. First, a clarification: It doesn't appear that Kelley's motion challenges exhaustion on Doering's January 2017 grievance. № 44

*at* ¶ *15.* So the Court won't address that grievance or any claims arising from it.

As to Doering's October 2016 and November 2016 grievances, the Court sustains Kelley's objection. № *43-3 at 8 & 18.* Doering's November grievance makes complaints against the "infirmary manager, medical company, doctor and whatever nurse is responsible for the ordering of my medication and the Deputy Director of Health[.]" № *43-3 at 18.* And his October grievance complains about "whoever is in charge of reordering and making sure I receive my medication without delay[.]" № *43-3 at 8.* In these two grievances, Doering identified several people — by position — who he was grieving against. But he didn't name the Director or complain that she was responsible for his problems in receiving his medications.

The Court concludes that these two grievances present a situation akin to *Burns v. Eaton*, 752 F.3d 1136, 1141–42 (8th Cir. 2014). Because his grievances identified — at least by position — several folks he was complaining about, any complaint against Kelley arising from these grievances amounts to "'a new grievance . . . completely unexhausted[.]'" *Burns*, 752 F.3d at 1142. Kelley's motion for partial summary judgment is granted as to Doering's claims arising from his October 2016 and November 2016 grievances.

Doering's August 2016 grievance, however, presents a different situation. Doering stated that he turned in a refill for his blood pressure medication but hadn't received his medicine. № 43-3 at 12. The ADC could have denied this grievance on procedural grounds: Doering didn't list the names or positions of anyone he was complaining about. But the ADC addressed the merits of this much broader complaint. Here, it's clearer that "'prison officials decline[d] to enforce their own procedural requirements and opt[ed] to consider otherwise-defaulted claims on the merits.'" *Burns*, 752 F.3d at 1141. These circumstances are closer to those in *Hammett v. Cofield*, 681 F.3d 945, 947–48 (8th Cir. 2012). The Director's motion for partial summary judgment is therefore denied as to Doering's claims arising from the August 2016 grievance.

\* \* \*

Recommendation, № 50, partly adopted and partly declined. Objection, № 51, partly sustained. Motion for partial summary judgment, № 43, partly granted and partly denied.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

9 November 2017